UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60733

CHRISTOPHER HANSEN,

                        Plaintiff,

v.


POMPANO SERVICE STATION, LLC,
CYPRESS PETROLEUM ENTERPRISES,
and Urbieta Westar Holdings, Inc.,

                        Defendants.
_____/

## 1ST AMENDED COMPLAINT

Plaintiff,  CHRISTOPHER HANSEN, by his undersigned counsel, hereby files this 1st

Amended Complaint and sues, Urbieta Westar Holdings, Inc., for injunctive relief pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the

ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and  the Florida

Building Code.

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's

violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.     Plaintiff, CHRISTOPHER HANSEN, is a lifelong resident of Florida and

currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the

ADA law.  Christopher is a partial quadriplegic, as a result of a skim boarding accident in 2003.

1

He is bound to ambulate in a wheelchair. Mr. Hansen owns his own vehicle and does drive. He has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      Defendant, Urbieta Westar Holdings, Inc, transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or 1495 S Cypress Road Pompano, Florida (hereinafter the "facility").

4.      The Defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

5.      In this instance, Mr. Hansen, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered  legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

8.      Mr. Hansen has attempted to and has, to the extent possible, accessed the facility,

but could not do so because of his disabilities due to the physical barriers to access, dangerous

conditions and ADA violations that exist at the facility that restrict and/or limit his access to the

facility and/or the goods, services, facilities, privileges, advantages and/or accommodations

offered therein, including those barriers, conditions and ADA violations more specifically set

forth in this Complaint.

9.      Mr. Hansen intends to visit the facility again in the near future in order to utilize

all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly

offered at the facility, but will be unable to do so because of his disability due to the physical

barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict

and/or limit his access to the facility and/or accommodations offered therein, including those

barriers conditions and ADA violations more specifically set forth in this Complaint.

10.     Defendant has discriminated  against Plaintiff and others with disabilities by

denying access to, and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq.,

and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv),

and will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendant is compelled to remove all physical barriers that exist at the facility, including those

specifically set forth herein, and make the facility accessible to and usable by persons with

disabilities, including Plaintiff.

11.     Defendant has discriminated against Mr. Hansen by failing to comply with the

above requirements. A specific, although not exclusive, list of unlawful physical barriers,

3

dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability

(because of his disability) to access the facility and/or full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the facility include:

I. A REQUIRED ACCESSIBLE ROUTE IS NOT PROVIDED  FROM ACCESSIBLE PARKING SPACE TO FACILITY ENTRANCE. EXISTING CURB AT PROPERTY ACTS AS A BARRIER TO ACCESSIBILITY. A REQUIRED RAMP NOT PROVIDED.
   a. ADAAG 206 Accessible Routes
   b. ADAAG 206.1 General.
   c. ADAAG 206.2.1 Site Arrival Points.
II. BROKEN UNEVEN ASPHALT GROUND SURFACE AT ACCESSIBLE PARKING SPACE CREATES A DANGEROUS BARRIER TO ACCESSIBILITY.
   a. ADAAG 302 Floor or Ground Surfaces
   b. ADAAG 302.1 General.
III. NON-COMPLIANT SLOPE OF RAMP LEADING TO ENTRANCE DOOR. SLOPE OF RAMP IS TOO STEEP.
   a. ADAAG 405.2 Slope.
IV. REQUIRED TOP LANDING NOT PROVIDED AT RAMP LEADING TO ENTRANCE DOOR.
   a. ADAAG 405.7 Landings.
V. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.
   a. ADAAG 404.2.4 Maneuvering Clearances.
VI. INACCESSIBLE TRAVEL PATH TO RESTROOM. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT TRAVEL PATH LEADING TO RESTROOM.
   a. ADAAG 403.5.1 Clear Width.
VII. EXISTING SIGNAGE AND ITS MOUNTED POSITION AT THE RESTROOM DOOR IS NON COMPLIANT.
   a. Advisory 216.2 Designations.
   b. ADAAG 216.2 Designations.
   c. ADAAG 703 Signs ADAAG 703.1 General.
VIII. INACCESSIBLE RESTROOM.EXISTING STEP AT RESTROOM DOOR ACTS AS A BARRIER. A REQUIRED RAMP IS NOT PROVIDED.
   a. ADAAG 303.4 Ramps.
IX. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT INTERIOR SIDE OF RESTROOM DOOR.
   a. ADAAG 404.2.4 Maneuvering Clearances.
X. NON COMPLIANT DOOR LOCK AT RESTROOM DOOR.
   a. ADAAG 404.2.7 Door and Gate Hardware.
   b. ADAAG 309.4 Operation.
XI. NON COMPLIANT DOOR KNOB AT RESTROOM DOOR REQUIRES

TWISTING OF THE WRIST.
    a.  ADAAG 404.2.7 Door and Gate Hardware.
    b.  ADAAG 309.4 Operation.

XII.  REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT RESTROOM DOOR OPENING.
    a.  ADAAG 404.2.3 Clear Width.

XIII. INACCESSIBLE DOOR LOCK AT RESTROOM DOOR.  NON COMPLIANT HEIGHT OF DOOR LOCK EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
    a.  ADAAG 309.3 Height.
    b.  ADAAG 308.2 Forward Reach.
    c.  ADAAG 308.2.1 Unobstructed.
    d.  ADAAG 308.3 Side Reach.
    e.  ADAAG 308.3.1 Unobstructed.

XIV. RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF WATER CLOSET AND LAVATORY.
    a.  ADAAG 603.2.3 Door Swing.

XV.  INACCESSIBLE LIGHT SWITCH.  NON COMPLIANT HEIGHT OF LIGHT SWITCH EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
    a.  ADAAG 309.3 Height.
    b.  ADAAG 308.2 Forward Reach.
    c.  ADAAG 308.2.1 Unobstructed.
    d.  ADAAG 308.3 Side Reach.
    e.  ADAAG 308.3.1 Unobstructed.

XVI. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET.
    a.  ADAAG 604.3 Clearance.
    b.  ADAAG 604.3.1 Size.

XVII. REQUIRED GRAB BARS NOT PROVIDED  ON REAR AND SIDE WALLS OF WATER CLOSET.
    a.  ADAAG 604.5 Grab Bars.

XVIII. NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER CLOSET.
    a.  ADAAG 604.6 Flush Controls.

XIX.  REQUIRED MINIMUM FLOOR SPACE NOT PROVIDED AT LAVATORY.
    a.  ADAAG 606 Lavatories and Sinks
    b.  ADAAG 606.2 Clear Floor Space.
    c.  ADAAG 305.3 Size.

XX.  INSULATION OF PIPES UNDER THE LAVATORY NOT PROVIDED AS REQUIRED.
    a.  ADAAG 606.5 Exposed Pipes and Surfaces.

XXI.  NON COMPLIANT HEIGHT OF MIRROR LOCATED ABOVE LAVATRORY EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
    a.  ADAAG 603.3 Mirrors.

XXII.  NON COMPLIANT MOUNTED HEIGHT OF PAPER TOWEL

DISPENSER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
a.   ADAAG Advisory 606.1 General.
XXIII. NON COMPLIANT MOUNTED HEIGHT OF HAND SOAP DISPENSER
EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
a.   ADAAG Advisory 606.1 General.

12.   The above listing is not to be considered all-inclusive of the barriers, conditions or

violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an

inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

13.   Mr. Hansen has attempted to gain access to the facility, but because of his

disability has been denied access to, and has been denied the benefits of services, programs, and

activities of the facility, and has otherwise been discriminated against and damaged by

Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth

above, and expects to be discriminated against in the future, unless and until Defendant is

compelled to remove the unlawful barriers and conditions and comply with the ADA.

14.   The removal of the physical barriers, dangerous conditions and ADA violations set

forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv);  42 U.S.C. § 12181(9); 28 C.F.R, §

36.304.

15.   Plaintiff is without adequate remedy at law and is suffering irreparable harm, and

reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendants are required to remove the physical barriers, dangerous conditions and ADA

violations that exist at the facility, including those set forth herein.

16.   The Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs

and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

17.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff  respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants  to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

 *s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
1825 NW Corporate Boulevard
Suite 110
Boca Raton, FL 33431
Ph: (561) 571-0646

7

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 11th day of April, 2016, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel or record or pro se parties identified on the

Service List below in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Lauren Wassenberg
Lauren Wassenberg, Esq.
Florida Bar No.: 34083

8